CÆSAR KOCH, RESPONDENT, *v.* THE VILLAGE OF EDGEWATER, APPELLANT.

*Side-walks — duty of city as to — defects in — duty of person having knowledge of.*

Although, as a general rule, one walking in a city has a right to expect that the corporation will have a safe side-walk, in good repair; yet, when he knows of a defect existing therein, he is bound to use reasonable and proper care to avoid injury from the same.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*George J. Greenfield,* for the appellant.

*S. F. Rawson,* for the respondent.

Barnard, P. J.:

The owner of the premises occupied by plaintiff, in 1873 laid down a flag side-walk in front of the same. There was evidence tending to show that the grade adopted was accepted by the village authorities. In 1875 the owner of the adjoining premises laid down a similar side-walk in front of his premises. The grade adopted by him was about one foot lower than that in front of the premises occupied by plaintiff. The effect was to leave an abrupt step at the point of junction of the two grades. The plaintiff in December, 1875, struck his foot against the step and fell, thereby inflicting a rather serious injury. There was evidence tending to show that the plaintiff was present when the side-walk adjoining him was laid down, and knew of the difficulty with the walk at the place of meeting. He testified upon the trial that he did not notice the step in question, but it was proven that he was there when it was made; that he had repeatedly walked over it since. The question of contributory negligence, therefore, involved the plaintiff's knowledge of the defect. The court charged the jury that the plaintiff had the right to rely upon the expectation that the defendant would have a safe side-walk. No doubt that is correct, as against all persons who travel in ignorance of any defect, but a person who knew of a defect would not have that right. He would know that the defendant had not done its duty, and that in consequence a danger existed to the incautious traveler.

Under these circumstances, I think, the court erred in refusing to charge the jury as requested; that "if the plaintiff knew or had notice of the defect in the walk at that point, and did not pay any attention to where he was walking, with his cane over his shoulder and his hands in his pocket, and if he had paid attention and walked carefully, the accident would not have occurred, then he is chargeable with contributory negligence, and he cannot recover."

The proposition requested was that the jury, in determining

the question of the contributory negligence of plaintiff, ought to take into account the fact of the plaintiff's knowledge of the defect in question, if he did know of it.

Although the jury were told that the plaintiff must exercise reasonable and proper caution, yet the standard of caution was no greater when a person knew of the defect than to a person ignorant of it. The charge should have been made in conformity with the request. .

Judgment should be reversed, and new trial granted, costs to abide event.

Gibert, J., concurred; Dykman, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.